IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00051-RMR-SBP

LISA SWEENEY-MIRAN,

    Plaintiff,

v.

CITY OF BOULDER, COLORADO,

    Defendant.

---

**ORDER ON MOTION TO AMEND/CORRECT/MODIFY SCHEDULING ORDER
(ECF No. 50)**

---

**Susan Prose, United States Magistrate Judge**

    This matter is before the court on plaintiff Lisa Sweeney-Miran's ("Plaintiff") Motion to Amend/Correct/Modify to Permit Limited Additional Discovery, ECF No. 50 ("Motion"), after it was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). Defendant, the City of Boulder, Colorado ("the City") is opposed. *See* Brief in Opposition, ECF No. 55 ("Response"). For the reasons below, the Motion is **GRANTED**, and the Scheduling Order is amended to allow limited additional discovery as delineated below.

    Plaintiff filed suit on January 9, 2024, *see* Complaint, ECF No. 1, and on March 11, 2024, the City filed its Motion to Dismiss, ECF No. 11. While the Motion to Dismiss was pending, the court held a scheduling conference and issued a Scheduling Order, ECF No. 24, setting a discovery deadline of October 18, 2024, which was later extended to November 4, 2024. Scheduling Order at 7; Order, ECF No. 38.

1

The Motion to Dismiss was referred to this court for a recommendation, *see* Order Referring Motion, ECF No. 12, and regretfully, this court did not issue its recommendation until February 17, 2025.[1] Recommendation of United States Magistrate Judge, ECF No. 46 ("Recommendation"). This court recommended that the City be allowed to withdraw part of its Motion to Dismiss, as it had requested, *see* Notice, ECF No. 45, and further recommended that the remainder of the Motion to Dismiss be granted in part and denied in part. *See* Recommendation. United States District Judge Regina M. Rodriguez adopted the Recommendation in full. Order Adopting Magistrate Judge's Recommendation. ECF No. 48. Following the partial denial of the Motion to Dismiss, the City timely filed its Answer to the Complaint, ECF No. 49, on March 18, 2025, which was approximately four months after the discovery deadline passed.

Plaintiff's Motion asks the court to modify the Scheduling Order to grant her leave to take limited additional discovery, which she describes as focused on issues raised by the City's Answer. *See* Motion at 3-5. She asks to reopen discovery for approximately 67 days to allow her (1) to supplement her initial disclosures; (2) to serve three requests for production and three interrogatories; and (3) to conduct a four-hour deposition of the City pursuant to Federal Rule of Civil Procedure 30(b)(6), limited to seven topics.[2] *Id.* at 4-5.

---

[1] This court acknowledges that significant passage of time, which stemmed from an internal issue concerning this court's docket. The undersigned deeply regrets that situation and personally apologizes to the parties for the delay.

[2] Those topics are: (1) Plaintiff's attendance at Police Oversight Panel ("POP") meetings and work on POP matters; (2) interviews conducted by Clay Douglas, the City's Special Litigation Counsel, including the timing of all such interviews and the facts adduced at each interview; (3) the procedural differences when Boulder's City Council takes action through a quasi-judicial

2

A scheduling order may be modified only upon a showing of good cause. Fed. R. Civ. P. 16(b)(4). Whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the court. *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (citations omitted). When exercising its discretion, the court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the court; and (6) the likelihood that the discovery will lead to relevant evidence. *Id.* (citations omitted).

A trial has not been set in this matter, and thus the first factor supports a finding of good cause. While the City is opposed to reopening discovery, which means that the second factor cuts the other way, the City has not identified how it will suffer meaningful prejudice should this court permit the limited discovery sought by Plaintiff. *See* Response. Indeed, the City does not explicitly address this factor in its Response. *See generally id.* (no mention of prejudice).

---

hearing, as opposed to consideration of a non-quasi-judicial agenda item; (4) the reasons why an individual named Caroline Miller was afforded a quasi-judicial hearing prior to her removal from the City's Open Space Board of Trustees in 2023; (5) the notice provided to Plaintiff of her potential removal from the POP, the opportunities she was given to be heard prior to her removal, and how that process compares to the process for other persons the City has removed from Boards and Commissions; (6) why letters from counsel for Plaintiff concerning possible removal from the POP were not provided to the City Council as part of the official materials for the City Council to consider, and how this affected Plaintiff's opportunity to be heard; and (7) the City's fifth and sixth affirmative defenses, alleging failure to mitigate and failure to exercise post-deprivation remedies under Colorado law. Motion at 4-5.

3

Therefore, the third factor weighs in favor of modification of the Scheduling Order as cabined in this order. *See Hallum v. Four Corners OB-GYN*, No. 19-cv-03632-KLM, 2021 WL 2894244, at *3 (D. Colo. July 9, 2021) (finding that the third factor weighed in favor of permitting additional discovery because "Defendants have not shown more than the mere possibility of some nebulous prejudice").

Turning to the fourth and fifth *Smith* factors, diligence and foreseeability, the court is not inclined to fault Plaintiff for failing to fully anticipate the City's exact response to her Complaint. Plaintiff proceeded through discovery without the City's Answer, and she moved promptly—just twenty days after the Answer was filed—to seek additional discovery. To be sure, Plaintiff elected not to conduct a Rule 30(b)(6) deposition during the pendency of discovery, *see* Response at 5, and the City argues that Plaintiff now demands discovery concerning issues of which she has been aware since the inception of this litigation, and whose potential relevance to the case—in the City's view—should have been apparent from the outset. *Id.* at 6-9. However, Plaintiff did not, by any means, sit out the discovery process: she issued multiple written discovery requests and took the depositions of four individuals. At this juncture, she represents to the court that the Answer highlighted certain "key disputed points," and that to adequately prepare for trial, she needs to understand the City's reasons for "disputing various of the allegations in the Complaint" and to inquire into the City's grounds for raising the defenses of failure to mitigate and failure to utilize post-deprivation remedies under Colorado law. Motion at 4, 8. The City may assess Plaintiff's discovery needs differently, but the court finds that she has sufficiently demonstrated that the need to probe certain issues may not have been readily

4

apparent until Plaintiff reviewed the City's Answer. Accordingly, the court concludes that both the fourth and fifth *Smith* factors tip in favor of a circumscribed reopening of discovery.

In evaluating the final *Smith* factor—the likelihood that the proposed discovery will adduce relevant evidence—the court begins with the foundational principles that relevance under Rule 26(b)(1) is "broadly construed," and that a request is considered relevant "if there is 'any possibility' that the information sought may be relevant[.]" *Standon v. Encompass Indem. Co.*, No. 12-cv-00801-PAB-KLM, 2013 WL 2423094, at *2 (D. Colo. June 4, 2013) (quoting *Cardenas v. Dorel Juv. Grp., Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005)). Under these broad standards, the court has little trouble concluding that the discovery Plaintiff seeks could lead to additional relevant evidence. Thus, the sixth and final factor also supports a limited modification of the discovery schedule.

Considering the six *Smith* factors together, in light of the totality of the circumstances present here,[3] the court finds good cause to modify the Scheduling Order to allow Plaintiff to conduct limited additional discovery. *Cf. Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 430, 432 (6th Cir. 2006) (finding that district court abused its discretion by denying plaintiff's request to reopen discovery to permit consideration of issues raised in a late-filed answer in which the defendant "formally assert[e]d for the first time certain new affirmative defenses"). Consistent with Plaintiff's request, the court authorizes **one deposition pursuant to Rule 30(b)(6), <u>limited to four hours of on-the-record time</u>**, and the submission of **three requests for production of**

---

[3] In concluding that it is appropriate to reopen discovery in the specific context, and for the limited purposes, articulated here, the court does not countenance the idea that filing an answer after the close of discovery compels the conclusion that discovery must be reopened in every case. That question necessarily will be hinge on a case-specific analysis of the *Smith* factors.

5

**documents and three interrogatories, including discrete subparts**. Because a party is always obliged to supplement its disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), the court need not specifically approve Plaintiff's request to make that mandatory supplementation. *See, e.g.*, *Carroll v. SAFECO Ins. Co. of Am.*, No. 20-cv-00219-REB-NYW, 2020 WL 7664731, at *3 (D. Colo. Dec. 24, 2020) ("Plaintiff's obligation to supplement under Rule 26(e)(1)(A) continues after discovery closes and does not require a court order.") (quoting *Benjamin v. Bd. of Trs. of Barton Cnty. Cmty. Coll.*, No. 17-2557-JAR, 2020 WL 4785107, at *2 (D. Kan. Aug. 18, 2020)). While the court lacks sufficient information to precisely define the parameters of the discovery Plaintiff may seek to elicit, the parties should understand the court as intending to restrict that discovery to an exploration of the bases for the City's having denied specific factual allegations and having raised various affirmative defenses in the Answer.

In accordance with the foregoing analysis, the court respectfully **GRANTS** the Motion to Amend/Correct/Modify the Scheduling Order to Permit Limited Additional Discovery, ECF No. 50. Discovery is reopened for a period of 75 days from this Order—i.e., July 21, 2025—to allow Plaintiff **to conduct one deposition pursuant to Rule 30(b)(6), <u>limited to four hours of on-the-record time</u>**, and to submit **three requests for production of documents and three interrogatories, including discrete subparts**.[4]

---

[4] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119,

DATED: May 7, 2025                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").